Filed 2/22/21  P. v. Ramos CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B300897 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA147985) |
| v. | |
| AUDIAS RAMOS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Affirmed as modified.

Susan L. Ferguson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant Audias Ramos was charged by information with burglary (Pen. Code, § 459, count 1), assault with a deadly weapon (§ 245, subd. (a)(1), count 2), criminal threats (§ 422, subd. (a), count 3), and vandalism (§ 594, subd. (a), count 4). The jury acquitted defendant of the criminal threats count and found him guilty of the remaining counts. He was sentenced to an aggregate term of five years in prison.

The testimony at trial established that on January 18, 2019, defendant broke several of Jesus Beltran's apartment windows while Mr. Beltran was at work. Later that evening, defendant returned to Mr. Beltran's apartment, smashed the front door open with a sledgehammer, and threatened Mr. Beltran with the sledgehammer, which had a knife tied to the handle. Defendant was not making sense; he was complaining that someone was talking about him and laughing at him. Defendant left after Mr. Beltran promised to "tell him to shut up" even though no one was laughing or talking.

We appointed appellate counsel to represent defendant. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that she reviewed the record and sent a letter to defendant explaining her evaluation of the record. Counsel further declared that she advised defendant of the right, under *Wende*, to submit a supplemental brief. No supplemental brief was filed.

We have examined the entire record, consisting of two volumes of clerk's transcripts and three volumes of reporter's transcripts, and are satisfied that appointed counsel fully complied with her responsibilities and that no arguable appellate

issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende, supra,* 25 Cal.3d 436.)

However, we note the abstract of judgment contains a typographical error, erroneously designating defendant's Penal Code section 594 conviction as "criminal threats."  Defendant was acquitted of the criminal threats count, and section 594 refers to vandalism.

## DISPOSITION

The abstract of judgment is modified to correct the reference to "criminal threats" and replace it with "vandalism." The superior court is ordered to correct the abstract of judgment accordingly, and to send a certified copy to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.

GRIMES, J.

WE CONCUR:

BIGELOW, P. J.

STRATTON, J.

3